C/M

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
:
CARL MARTIN / ASIRUS MAAT EL, :
: **MEMORANDUM**
Plaintiff, : **DECISION AND ORDER**
:
- against - : 13 Civ. 0473 (BMC) (RML)
:
AMTRAK RAIL SERVICE: THE CITY OF :
NEW YORK/ADMINISTRATIVE :
CRIMINAL COURT, :
:
Defendant. :
:
:
------------------------------------------------------------ X

**COGAN,** District Judge.

Plaintiff *pro se* brings this action against "Amtrak Rail Service: The City of New York/Administrative Criminal Court." The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. For the reasons discussed below, the Court dismisses the complaint for failure to state a claim upon which relief may be granted. Plaintiff is granted 20 days leave to amend his complaint as detailed below.

**BACKGROUND**

Plaintiff, a serial *pro se* litigant, has filed eight previous cases in this Court and two others in the United States District Court for the Southern District of New York. Plaintiff's most recent complaint was dismissed for failure to state a claim, and the Court granted him 20 days leave to amend his complaint in that action. See Martin v. VESID, 13 Civ. 0474 (E.D.N.Y. Feb. 5, 2013).

In the instant action, plaintiff names "Amtrak Rail Service: The City of New York/Administrative Criminal Court" as defendant(s), and alleges that he was falsely arrested by Amtrak Rail Service. Plaintiff alleges that he received threats by judges, court officers, and prosecutors for "attempting to enter testimony on the record," in "violation of [his] civil, constitutional, [and] First Amendment rights." He also appears to allege that he was threatened for attempting to exercise his legal rights in Queens Criminal and Manhattan Criminal Courts. Plaintiff further alleges that a nameless judge was motivated by "retaliation, revenge, and anger," and that defendant(s) "threatened litigants under Coercion Duress." Plaintiff further complains that "several bails" were imposed on minor charges, and that "judges threat[ened] to impose further bail." Finally, plaintiff states that after he informed the court of his "Conflict of Interest" with "5 legal aid attorneys – to be exact," the judge and "Legal aids" expressed anger and threats towards plaintiff for not accepting a guilty plea. The complaint identifies criminal proceedings under docket numbers 2012CN000885 and 2012QN029100, but provides no information regarding these criminal actions other than the fact that one or both of these cases may relate to his "minor charge of trespassing."

Plaintiff seeks "$500 thousand for damages to plaintiff reputation with employers, [a]nd $500, for (psychological and emotional damage), negative affects on plaintiff(s) family and reputation)."

## DISCUSSION

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when either: (1) "the 'factual contentions are clearly

baseless,' such as when allegations are the product of delusion or fantasy"; or (2) "the claim is 'based on an indisputably meritless legal theory.'" Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (internal citation omitted).

Moreover, at the pleading stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 123 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009). A complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007). Although "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft, 556 U.S. at 662, 129 S. Ct. 1937, 1949 (quoting Twombly, 550 U.S. at 555, 127 S. Ct. 1955). Similarly, a complaint is insufficient to state a claim "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557, 127 S. Ct. 1955).

It is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys, and the Court is required to read the plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. Erickson v. Pardus, 551 U.S. 89, 127 S. Ct. 2197 (2007); Triestman v. Fed. Bureau of Prisons, 470 F.3d 471,474-75 (2d Cir. 2006) (citation and internal quotation marks omitted).

Plaintiff's claim that his constitutional rights were violated may be cognizable under 42 U.S.C. § 1983 ("§ 1983"). In order to maintain a § 1983 action, a plaintiff must allege two essential elements. First, "the conduct complained of must have been committed by a person acting under color of state law." Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994). Second,

"the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." Id.

The instant complaint is deficient for a number of reasons. First, the caption names as defendant, "Amtrak Rail Service: The City of New York/Administrative Criminal Court," and provides a single address for service: 234 W. 31st Street, 6th Floor, which is located inside Penn Station. It is not clear whether plaintiff meant to name a single defendant or two or three different entities. Second, the complaint does not name any individual defendants or allege that any specific individual violated plaintiff's constitutional rights. Plaintiff states that he was subjected to "False Arrest by Amtrak Rail Service," but does not identify any individual or describe a specific incident that could support a claim for false arrest. Most, if not all, of plaintiff's allegations are set forth in bulleted points, rather than full sentences, making it even more difficult for the Court to understand his allegations. Third, the remainder of his claims appear to involve proceedings in Queens and Manhattan criminal courts. Although plaintiff includes two docket numbers for criminal court proceedings and alleges numerous violations of his constitutional rights, the allegations are vague and conclusory, devoid of any supporting detail. It is, therefore, impossible to understand what happened to plaintiff, and how his constitutional rights have been violated.

## CONCLUSION

For the reasons identified above, the Court finds that plaintiff has failed to state a claim on which relief may be granted. Accordingly, the action is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). In light of plaintiff's *pro se* status, the Court will grant plaintiff 20 days from the date of this Order to revise his complaint to correct the deficiencies noted above. The amended complaint must include a short, plain statement of facts sufficient to support a plausible claim of

civil rights violations.  Moreover, should plaintiff elect to file an amended complaint, he must name as proper defendants those individuals who have some personal involvement in the actions he alleges in the amended complaint.  To the best of his ability, plaintiff must describe each individual, the role he or she played in the alleged deprivation of his rights, and the date, time, location, and circumstances of the alleged arrests.  In addition, he must set forth the factual allegations to support his claim against each named defendant, the dates and locations of all relevant events, and the relief he is seeking.  The amended complaint must be captioned "Amended Complaint" and bear the docket number 13 CV 473 (BMC).

If plaintiff fails to file an amended complaint within 20 days, the instant action shall be dismissed without prejudice.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal.  See Coppedge v. United States, 369 U.S. 438, 82 S. Ct. 917 (1962).

**SO ORDERED.**

                                                                                   _____/S_____
                                                                                         U.S.D.J.

Dated: Brooklyn, New York
          February 11, 2013