```
UNITED STATES DISTRICT COURT                                          C/M
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                  :
CARL MARTIN / ASIRUS MAAT EL,                     :
                                                  :   **ORDER**
                              Plaintiff,          :
                                                  :   13 Civ. 0473  (BMC)
              - against -                         :
                                                  :
NYS DIV. c/o BARBARA D. UNDERWOOD;                :
NYS OFFICE OF THE ATTORNEY                        :
GENERAL,                                          :
                                                  :
                              Defendants.         :
----------------------------------------------------------- X
```

By Order dated February 12, 2013, the Court dismissed this action pursuant to 28 U.S.C. § 1915(e)(2)(B), and granted plaintiff *pro se* 20 days to revise his complaint to correct the deficiencies noted in the Court's Order. Plaintiff did not file an amended complaint; instead, he filed an interlocutory appeal to the United States Court of Appeals for the Second Circuit. The Court of Appeals dismissed the appeal. Martin v. Amtrak Rail Service, No. 13-686 (2d Cir.), issued as Mandate, May 3, 2013. In light of the dismissal of the appeal, this Court reopened the case and extended plaintiff's time to file an amended complaint. Plaintiff filed an amended complaint, but the new submission fails to cure the deficiencies of the original complaint. Accordingly, the action is hereby dismissed.

Plaintiff's original complaint in this action included vague allegations about a series of unidentified arrests and multiple criminal court proceedings. It did not name any individual defendants or describe a specific incident that could support a claim for false arrest. Despite the fact that the Court instructed plaintiff that should he file an amended complaint, he must name as proper defendants those individuals who had some personal involvement in the alleged actions and

describe the individuals and the role they played in the alleged deprivation, as well as the date, time, location, and circumstances of the alleged arrests, plaintiff's amended complaint is equally deficient.

The amended complaint names one individual defendant, Barbara D. Underwood, the Solicitor General for the State of New York, but fails to make any allegations against her. The amended complaint mentions multiple previous arrests and proceedings for "recidivism," but only describes one incident, a January 16, 2013 arrest, in some detail. Plaintiff alleges that he was arrested after making a "statement," which he describes as "not a threat, not related to anyone's harm, just a casual statement." Plaintiff further alleges that the arresting officer asked plaintiff for identification and that when he produced his passport, the officer arrested plaintiff because plaintiff's "passport ID didn't have an address." Plaintiff alleges that he was confined for six hours "in unsanitary and inhumane holding conditions" before he appeared before a judge. He does not identify any individual defendants who were involved in this incident.

The rest of the 29-page amended complaint offers various points and arguments related to the "Rights of Indigenous People" and attacks the Second Circuit's April 12, 2013 dismissal of his interlocutory appeal in this action. The amended complaint demands a "preliminary injunction for 'Protective Order' for the Cruel and Unusual treatment of Recidivism" and millions of dollars in damages. The amended complaint does not cure the deficiencies in the original complaint and must be dismissed for failure to state a claim.

## **CONCLUSION**

For the reasons identified above, the Court finds that plaintiff has failed to state a claim on which relief may be granted. Accordingly, the amended complaint is dismissed pursuant to 28

U.S.C. § 1915(e)(2)(B). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See <u>Coppedge v. United States</u>, 369 U.S. 438, 82 S. Ct. 917 (1962).

**SO ORDERED.**

Dated: Brooklyn, New York
      June 13, 2013

                              U.S.D.J.